## SUPREME COURT.

MARY BEARNES, as administratrix of the goods, &c., of WILLIAM F. BEARNES, deceased, agt. JAMES S. BEARNES.

*Judgment — Effect of — When party estopped from applying to court of equity to set aside judgment, because of fraud — Complaint — Demurrer.*

The plaintiff, as administratrix, sued to recover $3,500, claimed to have been wrongfully received by defendant as interest upon the foreclosure of a $25,000 mortgage executed by the intestate, said sum being alleged to have been already paid to defendant for interest, on said mortgage by the intestate in his lifetime. The complaint alleged that judgment of foreclosure and sale was duly entered and the premises afterwards duly sold by a referee duly appointed:

*Held,* that it follows from the allegations of the complaint, that in all these proceedings on foreclosure, the plaintiff's intestate had notice, and that the amount to which the defendant in this action and the plaintiff in the foreclosure action was entitled for principal and interest was directly in issue; and the defendant is entitled to judgment on demurrer to the complaint.

*Special Term, February,* 1884.

*Barnum & Rebham,* for defendant, in support of demurrer.

*A. J. Rogers,* for plaintiff.

LAWRENCE, *J.* — The complaint alleges that before the commencement of this action, William F. Bearnes died intestate, and that on the 11th of February, 1880, letters of administration upon his estate were duly issued to plaintiff by the surrogate of the county of New York; that she thereupon duly qualified and entered upon the duties of her office; that on the 15th day of December, 1867, said William F. Bearnes, for the purpose of securing to the defendant the payment of the sum of $25,000, made, executed and delivered to him a bond, &c., whereby he bound himself in the penalty of $50,000, conditioned that the same should be void if he, the said William F. Bearnes, should pay to the defendant the

Bearnes agt. Bearnes.

sum of $25,000 on the 15th day of December, 1868, with interest at the rate of seven per cent per annum, and as collateral security for the payment of said indebtedness, he on the same day executed and delivered to the said defendant a mortgage on certain real property situated in the city of New York; that on or about the 26th day of January, 1870, there had accrued and become due upon the said bond interest thereon from the date of said bond, whereupon the said William F. Bearnes paid to the defendant $3,516.11 for such interest, and the defendant duly acknowledged the receipt thereof by writing as follows:

"$3,516.11." " NEW YORK, *January* 26, 1870.

"Received from Mr. William F. Bearnes $3,561.11, as interest on his bond, due December 15, 1869, as per settlement had the above date.

(Signed) " JAMES S. BEARNES."

[Revenue stamp, two cents.]

On the eighth day of September the defendant commenced an action in the supreme court of the state of New York, in which action the defendant was plaintiff, and the said William F. Bearnes and Mary, his wife, were defendants, for the purpose of procuring a judgment of foreclosure of the mortgage given to secure the payment of the said bond and sale of said premises, in which action said defendant claimed and alleged that the sum of $25,000, together with interest on said bond, was then due upon said bond and mortgage, and said complaint was duly verified by said James S. Bearnes; that such proceedings were had in said action; that on the 1st day of October, 1870, an order was made referring it to a referee to compute the amount due on said bond and mortgage; and said referee, after such computation, made and filed his report, finding that no payments had been made on said bond and mortgage, either for principal or interest, and that the sum of $25,000, the principal, together with $4,900 interest on said sum from December 15, 1867, was due the plaintiff. It is further

alleged in the complaint that on the 31st of October, 1870, the judgment of foreclosure and sale was duly entered in said action, and the premises were afterwards duly sold by a referee duly appointed.   By such judgment and upon such sale the sum of $45,077 was realized; that thereafter the said referee paid to the said James S. Bearnes, or his attorneys, the sum of $25,000 for principal, together with the sum of $4,900 for interest on the said bond and mortgage from December 15, 1867; that at the time the said referee computed the amount due upon the said bond and mortgage the said James S. Bearnes, or his agent, appeared before the said referee and testified that no payments had been made on that sum, either for principal or interest, whereas the plaintiff alleges the fact to be that there had been paid to the said James S. Bearnes, for interest on said bond, as stated in paragraph two of this complaint, the sum of $3,516.11, and that there was at the time of such computation before said referee only due to the said James S. Bearnes, for interest on said sum, the sum of $1,383.80.   It is then alleged that the defendant wrongfully received from said referee the sum of $3,516.11, in excess of the amount due him, which sum belonged to William F. Bearnes, and had been theretofore paid by him to the defendant on January 26, 1870, and the plaintiff claims judgment for that amount, with interest from the 22d day of December, 1870, the date of the alleged receipt.

The defendant demurs to the complaint, on the ground that the same does not state facts sufficient to constitute a cause of action.

It was decided by the Court of Appeals in the case of *Ross* agt. *Wood* (70 *N. Y.*, 9) that an equitable action cannot be maintained to annul a judgment rendered upon conflicting evidence, upon the ground that the opposite party and his witnesses conspired together to obtain a judgment by perjury and fraud, and that the judgment was obtained by false evidence.   Also, that a fraud, which will justify equitable interference in setting aside a judgment or decree, must be

actual and positive, not merely constructive; that it must be fraud occurring in the concoction or procurement of the judgment or decree, which was not known to the party at the time, and for not knowing which he is not chargeable with negligence.

In the case of the *New York Elevated Railroad Company* agt. *Harrold* (65 *How. Pr.*, 90, *recently reported as the New York Central Railroad Co.* agt. *Harrold*) it was held that "where it appears that the same matter has been actually tried, or so in issue that it might have been tried, the party is estopped from applying to a court of equity to set aside the judgment because of fraud, for the reason that the judgment is the highest evidence and cannot be contradicted. In this case the learned justice who delivered the opinion of the court cited the cases of *Grum* agt. *Grum* (2 *Gray*, 361) and the *United States* agt. *Throckmorton* (98 *U. S.*, 61).

The decisions in the cases just referred to must, I think, be regarded as decisive in favor of the plaintiff on this demurrer. It is not charged in the complaint that there was any conspiracy on the part of the defendant or his agent to swear falsely or to procure a judgment by means of perjured testimony. It is admitted and alleged that the judgment was rendered after the defendant or his agent had appeared and testified as to the amount due upon the bond and mortgage; that the said judgment was duly entered and that the premises were afterwards duly sold by a referee duly appointed. If the judgment was duly entered, the premises duly sold and the referee duly appointed, it follows as a natural conclusion that of all these proceedings the plaintiff's intestate had notice. The question as to what was the amount due upon the bond for principal and interest arose directly in the case, and the complaint admits that it was claimed and alleged that the sum of $25,000, together with interest on said bond from the 15th day of December, 1867, was then due upon the said bond and mortgage. It is, therefore, quite evident that the amount to which the defendant in this action and the

·plaintiff in that action was entitled for principal and interest was directly in issue.

This case I think, therefore, falls within the principle laid down in the cases above cited. If the whole amount of interest claimed by the plaintiff in that action was not due from the present plaintiff's intestate, that was a fact which was known to the intestate at that time. If he had received the receipt set forth in the complaint, bearing date January 26, 1870, acknowledging the payment of interest upon the bond up to December 15, 1869, he must have been aware of that fact on the 8th day of September, 1870, when the defendant commenced the action to foreclose his mortgage, claiming the full amount of interest upon said bond. If the interest had been paid it was clearly the duty of the plaintiff's intestate to have set it up ; and if he knew the fact, as the receipt set forth in the complaint would indicate, that the claim for interest in the foreclosure suit was excessive, he was chargeable with negligence for not stating it (*See Ross* agt. *Wood*, 70 *N. Y.*, 9, *and cases cited on page* 11).

There is no force in the point made by the learned counsel for the plaintiff that it does not appear on the face of the complaint that the defendant may not have been served with the process or papers in the foreclosure suit. The fourth paragraph of the complaint, as we have before seen, alleges the commencement of an action in the supreme court of this state, in which the defendant was ·plaintiff and the said William F. Bearnes and Mary, his wife, were defendants ; and the fifth paragraph alleges that on the 3d day of October, 1870, judgment was duly entered in said action and the premises were afterwards duly sold by a referee duly appointed by said judgment, &c.

It would appear from this statement in the complaint that Bearnes and his wife were the only defendants in that action. An action cannot be commenced nor judgment rendered until process has been served upon the defendants ; and where it is admitted that the action was commenced and the judgment

duly entered it is too late to claim that the defendants had not been served.

For these reasons I am of the opinion that the defendant was entitled to judgment upon the demurrer, with costs.